NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number 13644
KIMBERLY FRAYN
Assistant United States Attorney
501 Las Vegas Boulevard So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-5087
Kimberly.Frayn@usdoj.gov
*Representing the United States*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:19-cr-00017-APG-VCF |
| vs. | **Stipulation For a Protective Order** |
| JOHN BADEA, and<br>RADU GAL | |
| Defendants. | |

The parties, by and through the undersigned, respectfully request that the Court issue an Order protecting from disclosure to the public, or any third party not directly related to this case, any documents, recordings, or other tangible things produced by the Government during discovery, containing personal identifying information of victims and financial records. The parties state as follows:

1.  The indictment, (ECF Nos. 19), was returned by the grand jury on January 22, 2019.

2.  Arraignment and Plea is set for January 31, 2019 at 3:00 p.m. before the honorable Magistrate Judge Peggy Leen, courtroom 3B. The Office of the Federal Public

1

Defender was appointed to this case to represent defendant John Badea, ("Badea"), on January 9, 2019, and Assistant Federal Public Defender, Heidi A Ojeda, filed a Notice of Appearance on January 15, 2019. (ECF Nos. 18). On January 10, 2019, Todd M. Leventhal, Esq. was appointed as CJA counsel representing defendant Radu Gal, ("Gal"). (ECF No. 12). Upon the appointment of all defense counsel, the Government desires and intends to produce discovery as soon as possible.

3. The indictment in this case arises out of Badea and Gal's criminal conspiracy and scheme and plan to defraud the State of Nevada ("the State") and approximately 160 identity theft victims by assuming the victims' identities to claim the victims' unclaimed property held by the State. As part of the scheme, Badea used a fictitious company, LawScribe, to purchase the victims' personal identifying information ("PII"), including but not limited to their social security numbers, which he and Gal used to assume the victims' identities. Badea and Gal negotiated the fraudulently obtained claim checks by depositing them into bank accounts controlled by the defendants. As a result, there is more than 10,000 pages of discovery and numerous forensic exams of electronic devices seized from the defendants. The discovery includes, but is not limited to, victims' PII and financial records. ("Protected Information"). The "Protected Information" is subject to this protective order.

4. The Government believes this order is necessary as the dissemination of the "Protected Information," could endanger victims' privacy and potentially subject them to future identity theft crimes.

5. In order to protect the privacy of the victims and witnesses, the parties intend to restrict access to the following individuals: the defendant, attorneys for all parties, and any personnel that the attorneys for all parties consider necessary to assist in performing those attorneys' duties in the prosecution or defense of this case, including investigators, paralegals,

retained experts, support staff, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

6. The Covered Individuals shall be advised of the Protective Order, and as such without leave of Court, the Covered Individuals shall not:

    a. make copies for, or allow copies of any kind to be made by any other person of the "Protected Information" in this case;

    b. allow any other person to read, listen, or otherwise review the "Protected Information" in this case;

    c. use the "Protected Information" for any other purpose other than preparing to defend against or prosecute the charges in the indictment or any further superseding indictment arising out of this case; or

    d. attach any "Protected Information" to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal or properly compliant with LR IC 6-1.

7. Nothing in this stipulation is intended to restrict the parties' use or introduction of the "Protected Information" as evidence at trial or support in motion practice.

8. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

//

//

//

//

//

//

//

//

9. The parties reserve the right to seek to modify the terms of this protective order at a later time pursuant to Federal Rule of Criminal Procedure 16(d)(1). Should a reasonable need for this protective order cease to exist, on grounds other than a Covered Individual or some other person violating or circumventing its terms, the government will move expeditiously for its dissolution.

10. The defense hereby stipulates to this protective order.

DATED: January 25, 2019

Respectfully submitted,
For the United States:

NICHOLAS A. TRUTANICH
United States Attorney

/s/ Kimberly M. Frayn
KIMBERLY M. FRAYN
Assistant United States Attorney

For the Defendants:

/s/ Heidi A. Ojeda
HEIDI A. OJEDA
Assistant Federal Public Defender
Attorney for John Badea

/s/ Todd M. Leventhal
TODD M. LEVENTHAL, Esq.
Attorney for Radu Gal

**IT IS SO ORDERED:**

1-28-2019

THE HONORABLE CAM FERENBACH  Date
United States Magistrate Judge